

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WAYNE EDWARD ALLEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-828-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Wayne Edward Allen, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On November 4, 2010, in the 29th District Court, Palo Pinto County, Texas, Case No. 14276A, a jury found petitioner guilty of engaging in organized criminal activity and the trial court

assessed his punishment at 50 years' confinement. (Clerk's R. 37-38, doc. 12-2.) The Eleventh Court of Appeals of Texas affirmed the trial court's judgment, and, on December 19, 2012, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (J., doc. 12-15; Docket Sheet 2, doc. 12-1.) Petitioner did not seek writ of certiorari. (Pet. at 3, doc. 1.) Petitioner filed two state habeas-corpus applications challenging his conviction and sentence. The first, filed on October 10, 2013, was denied by the Texas Court of Criminal Appeals on November 13, 2013, without written order.[1] (State Habeas Appl., WR-80,444-01, "Action Taken" & 12, doc. 12-20.) The second state application was filed on May 13, 2015, and dismissed as a subsequent application by the Texas Court of Criminal Appeals on December 23, 2015. (State Habeas Appl., WR-80,444-03, "Action Taken" & 17, docs. 12-25 & 12-27.) Petitioner also filed a prior federal habeas petition challenging his Palo Pinto conviction, which was dismissed at his request. (Order & J., Allen v. Stephens, No. 4:14-CV-094-A, docs. 20 & 21.) The instant

---

[1] A petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not provide the date petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" in each application provides the date it was signed by petitioner. For purposes of this opinion, petitioner's state habeas applications are deemed filed on those dates.

federal petition was filed on August 29, 2016.[2] (Pet. 10, doc. 1.)

## II. Issues

Petitioner raises the following grounds for habeas relief:

(1) trial counsel was ineffective due to a monetary conflict of interest;

(2) trial counsel failed to object to the charging instrument's jurisdiction;

(3) trial counsel did not do an independent investigation into the client's case;

(4) trial counsel failed to interview and subpoena the state's witnesses and failed to raise article 38.14 of the Texas Code of Criminal Procedure; and

(5) the evidence was legally insufficient.

(Pet. 6-7 & Insert, doc. 1.) Respondent asserts the petition is time-barred under the federal statute of limitations and should be dismissed. (Resp't's Answer 4-8, doc. 13.)

## III. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[2]Similarly, a petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's petition reflects that he placed the document in TDCJ's mailing system on August 29, 2016.

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

The one-year limitations period begins on the latest of several dates. With limited exceptions not applicable here, the limitations period begins to run from the date on which the

4

challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on March 19, 2013. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13. Therefore, the statute of limitations began to run the following day and closed one year later on March 19, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's first state habeas application operated to toll limitations 34 days, making his federal petition due on or before April 22, 2014. However, his second state habeas application filed after limitations had already expired did not operate to further toll the limitations period. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor was limitations tolled during the pendency of petitioner's prior federal petition. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Thus, his federal petition is untimely unless he is entitled to equitable tolling.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner's delay is unexplained. Instead, citing to *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, — U.S. —, 133 S. Ct. 1911 (2013), he asserts that "[t]he AEDPA does not bar a federal review when the petitioner is raising an ineffective assistance of counsel claim." (Pet. 9, doc. 1.) This line of cases, however, does not address or excuse the untimely filing of a federal habeas petition. Rather, those cases address excusing a *procedural default* of a claim and do not apply to the federal statute of limitations or the tolling of that period. *See Hackney v. Stephens*, No. 4:14-CV-074-O, 2014 WL 4547816, at *2 (N.D. Tex. Sep. 15, 2014) (citing cases). Because there is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court and because he presents no new evidence to meet the actual-

6

innocence exception, he is not entitled to tolling as a matter of equity.

Therefore, the court finds that petitioner's federal petition was due on or before April 22, 2014, and his petition, filed on August 29, 2016, over two years later, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED October 16, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE